RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 2/11/13

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| BARRY AND DEBRA NAVIAUX | DOCKET NO.: 12-2189 |
| VERSUS | |
| | JUDGE JAMES T. TRIMBLE, JR. |
| UNITECH TRAINING ACADEMY | MAGISTRATE JUDGE JAMES D. KIRK |

REPORT AND RECOMMENDATION

Before the court is a second motion to remand, or in the alternative, a motion to sever and remand (Doc. 10) and a motion to dismiss (Doc. 11) which were referred to the undersigned by the district judge for report and recommendation.

Background Information

On or about August 9, 2011, Barry Naviaux ("Naviaux") and his wife, Debra Naviaux ("Debra") filed a petition for damages pursuant to Louisiana Civil Code art. 2315 in the Ninth Judicial District Court, Rapides Parish, State of Louisiana ("9th JDC") against his former employer, Unitech Training Academy, Inc. ("Unitech").

Naviaux alleged Unitech led him to believe he was enrolled in the company's BlueCross BlueShield group health insurance plan ("the plan"). He further alleged Unitech either neglected to enroll him in the plan or enrolled him and then, un-enrolled him without providing proper notice. Because he reasonably believed he was insured under the plan, Naviaux allowed his COBRA health

insurance[1] through his former employer, Pinecrest, to lapse. It was only after suffering a heart attack in May 2011 that he learned he was not covered under the policy and was solely responsible for all charges related to the medical care he received in connection with the heart attack. Naviaux sought general and specific monetary damages, interest and costs.

On September 1, 2011, Unitech removed the lawsuit to this court (Civil Action No.: 1:11-cv-1599) on the basis that Naviaux's claims were to enforce his rights under the terms of the plan. Thus, Naviaux's claim was governed by ERISA and any state law claims were preempted. Naviaux then filed a motion to remand (Doc. 9) which was denied (Doc. 19).

Thereafter, Unitech filed a motion to dismiss for failure to state a claim, or alternatively, for summary judgment, with documentary exhibits (Doc. 3, 5) which Naviaux opposed (Doc. 11). During the evaluation of the motion, the court learned that Naviaux conceded he was never enrolled in the plan. Accordingly, the court determined it was without jurisdiction to hear the claim as it did not fall within the scope of ERISA. The case was remanded to the 9th JDC on May 25, 2012 (Doc. 31).

---

[1] COBRA is an acronym commonly used to refer to the Consolidated Omnibus Budget Reconciliation Act of 1985. Under COBRA, employers with group health insurance plans are required to offer employees temporary continuation of coverage under their plan when coverage will cease due to a change in employment status such as termination or layoff.

On June 18, 2012, Unitech filed a third party demand against Louisiana Health Service and Indemnity Co. d/b/a BlueCross BlueShield of Louisiana ("BlueCross") and Employer Support Services, Inc. ("ESS"). Unitech asserted that unbeknownst to it, ESS and BlueCross each provided letters to Naviaux regarding coverage despite the fact they should have known he was not eligible for coverage unless and until he remained employed through April 1, 2011. Unitech also asserted ESS and BlueCross breached their obligations to maintain, manage, oversee and/or administer the plan. Unitech sought indemnity and contribution from ESS based upon the contract the two entered into for ESS to act as a third party administrator of the plan. It also sought indemnity from BlueCross based upon "any contract found to provide for same...and/or provided by applicable laws pertaining to the same, and/or provided by principles of equity, etc." (Doc. 1-2, p.21-22).

## Law and Analysis

On August 15, 2012, BlueCross filed a notice of removal based upon the following assertion: "Unitech's claim for indemnity arises under Section 502(a)(1)(B) of ERISA, 29 U.S.C. §1132(a)(1)(B), and is completely preempted by ERISA. See Pilot Life Ins. Co. V. Dedeaux, 481 U.S. 41, 107 S.Ct. 1549 (1987)." (Doc. 1, p. 3). No other basis for federal jurisdiction was set forth.

On September 14, 2012, the Naviauxs filed a motion to remand,

or, in the alternative, a motion to sever and remand (Doc. 10). In it, the Naviauxs argued BlueCross could not remove the matter because Unitech failed to establish grounds for indemnification by BlueCross and the third party claim was not separate and independent from the original claim.[2] The Naviauxs alternatively argued that if the claims were separate and independent, the court should sever the original claim and remand it to the 9th JDC.

BlueCross contends Unitech seeks to recover benefits under §1132(a)(1)(B) which provides:

> [A] civil action may be brought by a participant or beneficiary ... to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.

The statute sets forth who may bring a civil claim pursuant to ERISA and the aforementioned subsection clearly provides that only two persons may bring a claim to recover benefits: participants and beneficiaries.

> The term "participant" means any employee or former employee of an employer, or any member or former member of an employee organization, who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer or members of such organization, or whose

---

[2] The current version of 28 U.S.C. §1441 which no longer focuses on whether claims are "separate and independent" became effective as to actions commenced on or after January 6, 2012. The Naviauxs filed their lawsuit prior to that effective date. Accordingly, the prior version of §1441(c) which allowed an entire case to be removed when a "separate and independent" federal claim was joined with a non-removable state claim, is applicable in this case.

4

>beneficiaries may be eligible to receive any such benefit.
>
>The term "beneficiary" means a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder.

29 U.S.C. §1002(7) and (8).

Unitech is neither a participant nor a beneficiary. It is an employer with a group health insurance plan. Accordingly, it cannot bring a claim to recover benefits pursuant to ERISA. Without an ERISA claim, there is no basis for jurisdiction and the matter should be remanded.

Though the inquiry regarding removal should end here as BlueCross has set forth no other arguments in support of removal and/or jurisdiction, out of an abundance of caution, further examination of who may bring a civil action pursuant to ERISA should be made. A review of §1132 reveals three subsections under which Unitech might be considered a person who may proceed with a civil claim pursuant to ERISA. One may be brought by an employer, §1132(a)(8) and the other two may be brought by a fiduciary, §1132(a)(2) and (a)(3).

An employer may bring a claim to either enjoin an act or practice which violates the duty of a defined benefit plan administrator to provide an annual funding notice pursuant to 29 U.S.C. §1021(f) or to obtain equitable relief to redress the violation or enforce a subsection. Unitech's third party claim does not contain any allegations that ESS and/or BlueCross owed a

reporting duty and/or violated that duty. Accordingly, this provision does not serve as a basis for jurisdiction and removal.

Section 29 U.S.C. §1132(a)(2) provides that a fiduciary may bring a claim for appropriate relief under 29 U.S.C. §1109, breach of fiduciary duty. "[A] fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries." 29 U.S.C. §1104(a)(1). See <u>Memorial Hosp. System v. Northbrook Life Ins. Co.</u>, 904 F.2d 236, 247 (5th Cir. 1990), citing <u>Massachusetts Mutual Life Ins. Co. v. Russell</u>, 473 U.S. 134, 140 (1985). Unitech does not allege ESS and BlueCross breached duties they owed to a participant or beneficiary. The duties ESS and BlueCross were alleged to have breached were those owed to Unitech. Because Unitech is neither a participant nor beneficiary, the claim is not proper under ERISA and the court is without jurisdiction. See <u>Jefferson Parish Hosp. Service Dist. No. 2 v. Ruby Tuesday's Inc.</u> 1998 WL 24422, *5 (E.D.La. 1998)(unpublished), citing <u>Capital Mercury Shirt Corp. V. Employers Reinsurance Corp.</u>, 749 F.Supp. 926, 931 (W.D.Ark. 1990).

Finally, a fiduciary may bring a claim pursuant to §1132(a)(3) "(A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (I) to redress such violations or (ii) enforce any provisions of this subchapter or the terms of the plan." Unitech fails to cite a single violation of either an ERISA

6

subchapter or any term of the plan. Unitech relies solely upon the negligent distribution of letters and the violation of the third party administrator contract between it and ESS to establish liability and indemnification. Accordingly, §1132(a)(3) also fails to provide a basis for jurisdiction and removal.

## Conclusion

In light of the foregoing, **IT IS HEREBY RECOMMENDED** that the motion to remand (Doc. 10) be **GRANTED** and the entire action be **REMANDED** to the Ninth Judicial District Court, Rapides Parish, State of Louisiana.

**IT IS FURTHER RECOMMENDED** that the motion to dismiss (Doc. 11) be **DENIED AS MOOT**.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking**

either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED at Alexandria, Louisiana on this 10th day of February, 2013.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE